MICHELE POWER
SEAN BROWN
POWER AND BROWN, LLC
P.O. BOX 1809
BETHEL, ALASKA 99559
Telephone: 907-543-4700
Facsimile: 907-543-3777

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| REGINA BRUNO, as Personal Representative of the Estate of MYCALAH BRUNO,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. _____ Civ ( _____ )<br><br>COMPLAINT FOR DAMAGES |

   For her complaint, plaintiff, by and through counsel Power and Brown, LLC, alleges as follows:

Parties and Jurisdiction

1.  This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2.  Plaintiff submitted a timely administrative claim based on the facts alleged herein

- 1 -

to the Department of Health & Human Services. More than six months has passed since the receipt of that claim, which has been neither admitted nor denied. The claim is deemed by plaintiff to be denied, pursuant to 26 U.S.C. § 2675.

3. At the time of the conduct that forms the basis for the allegations in plaintiff's Complaint, the Alaska Native Medical Center ("ANMC") through the Alaska Native Tribal Health Consortium ("ANTHC") were carrying out a compact agreement with the Indian Health Service, and are deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

## Common Factual Allegations

4. Plaintiff Regina Bruno is the mother of Mycalah Bruno (DOB: 11/10/2002), and is the Personal Representative of her estate.

5. On or about November 7, 2005, Mycalah Bruno was admitted to the ANMC for treatment of hydrocephalus.

6. On or about November 7, 2005, health care providers at the ANMC performed the first of a series of surgeries to adjust Mycalah's shunt. Following the fifth surgery, on or about November 25, 2005, Mycalah died.

## First Claim for Relief: Survival of Claims
(AS 09.55.570)

7. Plaintiff incorporates by reference all prior allegations herein.

8. Defendant is liable to the estate of Mycalah Bruno for Mycalah's emotional distress, mental anguish, and pain and suffering preceding her death under the Alaska survival statute, AS 09.55.570, in an amount to be proven at trial.

## Second Claim for Relief: Negligence

9. Plaintiff incorporates by reference all prior allegations herein.

10. The examination, care and control of the treatment of Mycalah Bruno was performed by employees of the ANMC, through the Department of Health and Human Services, an agency of the United States of America. At all relevant times herein, said employees were acting within the scope of their employment.

11. In the aforesaid examination and control of the care and treatment of Mycalah Bruno, the defendant's employees negligently failed to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

12. As a proximate result of the negligence of the employees and agents of the defendant, Mycalah Bruno suffered pecuniary damages.

13. As a proximate result of negligence of the employees and agents of the defendant, Mycalah Bruno experienced pain and suffering.

## Third Claim for Relief: Wrongful Death
(AS 09.55.580)

14. Plaintiff incorporates by reference all prior allegations herein.

15. As a result of the death of Mycalah Bruno, defendant is liable to her estate under the Alaska Wrongful Death Statute, AS 09.55.580, in an amount to be proven at trial.

Fourth Claim for Relief: Loss of Filial Consortium

16. Plaintiff incorporates by reference all prior allegations herein.

17. On or about November 25, 2005, Mycalah Bruno died as a result of defendant's negligent failure to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

18. As a result, Regina Bruno is unable to share activities and experiences with the child whom she previously shared or anticipated sharing as Mycalah reached a suitable age. Further, Regina Bruno has sustained both past and future loss of consortium in the parent-child relationship, including loss of enjoyment, society, companionship, comfort, care, love, and affection.

PRAYER FOR RELIEF

WHEREFORE plaintiff demands judgment for compensatory damages in excess of $5,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 20th day of June, 2007, at Bethel, Alaska.

                                                      s/ Michele L. Power
                                                      P.O. Box 1809
                                                      Bethel, Alaska 99559
                                                      Phone: (907) 543-4700
                                                      Fax: (907) 543-3777
                                                      E-mail: admin@powerbrown.com
                                                      ABA No. 9510047